# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **DALTON CARLSTROM,** § <br> *Plaintiff* § <br> § <br> v. § <br> §     **Case No. 22-CV-1326-RP** <br> **NATIONWIDE CAPITAL** § <br> **SERVICES, LLC d/b/a** § <br> **STRUCTURED SETTLEMENT,** § <br> *Defendant* § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
     **UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff Dalton Carlstrom's Motion for Default Judgment against Defendant Nationwide Capital Services, LLC, filed July 14, 2023 (Dkt. 13). By Text Order entered July 17, 2023, the District Court referred the Motion to this Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  Background

Plaintiff Dalton Carlstrom filed suit against Defendants Nationwide Capital Services, LLC d/b/a Structured Settlement ("Nationwide"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, and the Texas Debt Collection Act ("TDCA"), Texas Finance Code § 392.403. Dkt. 1 ¶¶ 45-54.[1] Carlstrom alleges that Nationwide is the holder

---

[1] Carlstrom also sued Western Surety Company, which was dismissed, and asserted a claim for privacy, which he later abandoned. Dkt. 12; Dkt. 13-1 at 17.

1

of one or more consumer debts attributable to him under 15 U.S.C. § 1692a(5) and Texas Finance Code § 392.001(2). Dkt. 1 ¶¶ 15-18. He alleges that Nationwide, in attempting to collect on the debts, made "false, deceptive, and misleading" statements intended to intimidate him and make him believe he would be subject to suit. *Id.* ¶¶ 29-35. Carlstrom also alleges that Nationwide called him repeatedly and left multiple voice mails making "direct or implied threats to sue him [that] were false, deceptive[,] and misleading." *Id.* ¶¶ 20-30.

Carlstrom served his Complaint on Nationwide on February 7, 2023. Dkt. 5. Nationwide has made no appearance and has failed to plead, respond, or otherwise defend. On April 10, 2023, the Clerk entered default against Nationwide under Rule 55(a). Dkt. 9.

In his Motion for Default Judgment, Carlstrom asks the Court to enjoin Nationwide from collecting or attempting to collect a debt from him under Texas Finance Code § 392.403(a)(1) and seeks an award of $7,972, comprising $1,000 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A), $6,440 in attorney's fees, and $532 in costs. Dkt. 13 ¶¶ 6-9.[2]

## II.  Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

---

[2] Carlstrom's Brief in Support of his Motion for Default Judgment contains a clerical error requesting a damages award of $9,121.28. Dkt. 13-1 at 6. All other requests in the Motion and in the Brief are for $7,972.

After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu,* 515 F.2d at 1206. Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary.

### III.    Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

**A. Jurisdiction**

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because this case involves a claim under the FDCPA, it invokes the Court's original federal question subject matter jurisdiction. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Carlstrom's TDCA claim because it arises out of the same alleged facts and

"form[s] part of the same case or controversy" as Carlstrom's FDCPA claim. 28 U.S.C. § 1367(a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("Here, both the federal and state claims on the face of the pleadings concern the same core factual issue.").

A federal court may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates. *Id.* Personal jurisdiction is proper if two requirements are met:

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state. Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up).

To establish "minimum contacts," the defendant must have contacts giving rise to either specific or general jurisdiction. *Id.* at 324. In making a determination of "fairness," courts consider:

> (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution to controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

*Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 112 (1987)). Specific jurisdiction exists when (1) a nonresident defendant has purposefully directed its activities at the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 250 (5th Cir. 2019) (quotations omitted).

The Court finds that Carlstrom has alleged facts and submitted evidence sufficient to establish specific personal jurisdiction over Nationwide. Carlstrom alleges that his injuries arose out of the

4

fact that Nationwide "transact[s] business in" Texas and has purposefully directed its debt collection practices at Texas residents, including registering a bond with the Texas Secretary of State. Dkt. 1 ¶¶ 4-5, 13, 20. Accepting these well-pleaded facts as true, the Court finds that this case arises out of Nationwide's contact with Texas and that Nationwide purposefully directed its activities to and availed itself of this forum. The Court also finds that exercise of jurisdiction over Nationwide would not "offend traditional notions of fair play and substantial justice." *Felch*, 92 F.3d at 323. The Court therefore has specific personal jurisdiction over Nationwide.

**B. Liability**

The Court next considers whether a default judgment is procedurally warranted and the Complaint sufficiently sets forth facts showing that Carlstrom is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

**1. Default Judgment is Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, district courts consider six factors:

> (1) whether material issues of fact are at issue;
> (2) whether there has been substantial prejudice;
> (3) whether the grounds for default are clearly established;
> (4) whether the default was caused by a good faith mistake or excusable neglect;
> (5) the harshness of a default judgment; and
> (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Nationwide has not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . ."). Second, Nationwide's "failure to respond threatens to bring the adversary

5

process to a halt, effectively prejudicing [Carlstrom's] interests." *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citation omitted). Third, the grounds for default are clearly established: Nationwide "was properly served and has failed to appear and participate at all, much less timely file a responsive pleading," and the clerk has entered default against Nationwide. *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because Nationwide has failed to appear. Fifth, though Carlstrom seeks both monetary damages and injunctive relief, he seeks only that relief to which he is entitled under the FDCPA and TDCA, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by Nationwide. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

### 2. There is a Sufficient Basis for Judgment in the Pleadings

The Court next determines whether there is a sufficient basis in the pleadings for the judgment requested. As stated, Carlstrom asserts claims under the FDCPA, 15 U.S.C. §§ 1692d, 1692e, and 1692g(a). Section 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," including the "use of obscene or profane language or language the natural consequence of which is to abuse the hearer." Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of a debt." Section 1692g(a) requires a debt collector to send a notice to a consumer summarizing the debt within five days of the debt collector's initial communication. The FDCPA defines a "debt collector" to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." *Id.* at § 1692a(6).

Carlstrom alleges that:

(1) Nationwide is a debt collector subject to Section 1692a(6) because it "regularly collects or attempts to collect" debts using the mails or other instruments of interstate commerce, Dkt. 1 ¶ 11;

(2) he is a debtor within the meaning of the FDCPA;

(3) Nationwide repeatedly left him false and misleading voice mails threatening to sue him when it "had no present intention of suing Plaintiff at the time the threats were made," *id.* ¶ 30; and

(4) Nationwide did not inform him of "his right to dispute the Accounts," as required by § 1692g(a). *Id.* ¶ 33.

By failing to answer, Nationwide has admitted these facts, and the facts as pleaded by Carlstrom establish that he is entitled to relief under the FDCPA. *Nishimatsu*, 515 F.2d at 1206.

Carlstrom also alleges that Nationwide violated Sections 392.301 and 392.304 of the Texas Finance Code. Dkt. 1 ¶ 49. That statute defines a "debt collector" as a "person who directly or indirectly engages in" any "action, conduct, or practice in collecting, or in soliciting for collection, consumer debts." TEX. FIN. CODE § 392.001(5-6). Section 392.301 prohibits a debt collector from "threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings" or "threatening to take an action prohibited by law." Section 392.304 generally prohibits a debt collector from using a "fraudulent, deceptive, or misleading representation" to collect a debt.

As stated, Carlstrom alleges that Nationwide is a debt collector that engaged in fraudulent or deceptive threats and communications so that the pleaded facts, if true, would support a claim for relief against Nationwide. Because Nationwide has defaulted, Carlstrom is entitled to relief under the TDCA.

## C. Relief

Having found that the motion for default judgment should be granted and judgment entered in favor of Carlstrom, the Court must determine appropriate relief. Carlstrom seeks a permanent injunction, statutory damages of $1,000, and attorney's fees and costs.

### 1. Injunctive Relief

Carlstrom asks the Court to permanently enjoin Nationwide "from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1)." Dkt. 1 ¶ 60(e). Under the TDCA, an individual who establishes a violation of the statute may sue for injunctive relief "to prevent or restrain a violation of this chapter." TEX. FIN. CODE § 392.403. When an injunction is authorized by statute, courts are authorized to issue an injunction based on a determination that the statute has been violated. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002); *Griffin v. O'Brien, Wexler, & Assocs., LLC*, --- F. Supp. 3d ----, 2023 WL 4303649, at *10 (E.D. Tex. June 30, 2023).

The Court finds that Carlstrom is entitled to a permanent injunction because he has established a violation of the TDCA, but the injunction should be limited to Nationwide's conduct as it pertains to Carlstrom in this case. *See Griffin*, 2023 WL 4303649, at *11 (E.D. Tex. June 30, 2023) (limiting injunction to defendants' conduct as it pertained to plaintiff in TDCA default judgment case); *Sanders v. Niagara Restitution Servs., Inc.*, No. 6:19-CV-199-JCB, 2020 WL 10046088, at *7 (E.D. Tex. Feb. 6, 2020) (same). The Court recommends that Nationwide be enjoined from calling or otherwise communicating with Carlstrom to collect or attempt to collect the subject debts alleged in this suit.

### 2. Statutory Damages

The FDCPA "is a strict liability statute that allows for the award of statutory damages in an amount not exceeding $1,000 upon a finding of violation." *Griffin*, 2023 WL 4303649 at *8 (citing

8

15 U.S.C. § 1692k(a)). A plaintiff need not establish actual damages to recover statutory damages under the FDCPA. *Id*. In determining the appropriate amount of damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

The Court finds that because Nationwide made repeated phone calls to Carlstrom and left him multiple voice mails that included misleading statements, Nationwide's violations of the FDCPA were both persistent and intentional. Dkt. 1 ¶¶ 20-29. Based on Carlstrom's allegations, the Court finds he is entitled to the $1,000 in statutory damages he requests.

### 3. Attorney's Fees and Costs

Finally, Carlstrom asks the Court to award $6,440 in attorney's fees and $532 in costs. Dkt. 13 at ¶¶ 8-9. The FDCPA requires courts to award "the costs of the action, together with a reasonable attorney's fee" to a successful plaintiff. 15 U.S.C. § 1692k(a)(3). The TDCA similarly provides that a person who successfully maintains an action based on a violation of Chapter 392 "is entitled to attorney's fees reasonably related to the amount of work performed and costs." TEX. FIN. CODE § 392.403(b). The Court finds that Carlstrom is entitled to attorney's fees and costs.

Courts in the Fifth Circuit use the "lodestar method" to calculate an appropriate fee award. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, namely, the market rate in the community for the work. *Id.* "[T]here is a 'strong presumption' that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc*. 488 F.2d 714

(5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[3] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

Carlstrom's attorney, Jeffrey D. Wood, submitted a statement of services for 16.1 hours of work and an affidavit attesting that $400 per hour is a reasonable market rate for similar work within the Western District of Texas. Dkt. 13-2; Dkt. 13-3 ¶ 8. Wood states that he has some fifteen years of experience in consumer debt practice. Dkt. 13-3 ¶ 4. Although Carlstrom offers no additional evidence, the Court finds that the rate of $400 per hour is reasonable for consumer credit cases in the Austin, Texas market. *See Jones v. Portfolio Recovery Assocs. LLC*, No. 1:16-CV-572-RP, 2020 WL 6480917, at *3 (W.D. Tex. Oct. 26, 2020) (finding rate of $400/hour appropriate in FDCPA case "representing the market rate in Austin for an attorney with over 18 years of legal experience"); *see also Johnson v. Mercedes Benz Fin.*, No. 1:22-CV-202-LY, 2023 WL 2993038, at *3 (W.D. Tex. Mar. 20, 2023) (finding rates of $425/hour for work performed by partners and $365/hour for associates reasonable); *Aberle v. GP Clubs, LLC*, No. 1:19-CV-1066-RP, 2020 WL 4035074, at *5 (W.D. Tex. July 17, 2020) (finding rate of $390/hour reasonable).

The Court next reviews the number of hours expended. The Court must exclude excessive, unnecessary, and redundant hours. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir.

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

2006). The Court finds that the time records submitted by counsel are sufficiently detailed and the work done in this case is reasonable.

To calculate the lodestar amount, 16.1 hours of work multiplied by $400 per hour equals a total award of $6,440. After considering the *Johnson* factors, the Court does not recommend adjusting the lodestar total. *See Johnson*, 488 F.2d at 717-19.

Turning to costs, Carlstrom requests an award of $532, comprising the $402 filing fee and $130 in payments to a private process server. Dkt. 13-2. Carlstrom is entitled to recover the filing fee under 28 U.S.C. § 1920(a), but costs for private process servers are not recoverable, absent exceptional circumstances. *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997); *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 585 (W.D. Tex. 2010), *aff'd*, 430 F. App'x 359 (5th Cir. 2011). Because Carlstrom has not shown exceptional circumstances, the Court finds that the private process server fees are not taxable and recommends that Carlstrom be awarded $402 in costs.

### 4. Post-Judgment Interest

Finally, Carlstrom requests post-judgment interest at the applicable rate. Dkt. 13 ¶ 10. "Post-judgment interest is awarded as a matter of course" under 28 U.S.C. § 1961(a). *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). The Court recommends that Carlstrom be awarded post-judgment interest at the applicable rate calculated from the date of the entry of judgment. 28 U.S.C. § 1961(a).

## IV.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff Dalton Carlstrom's Motion for Default Judgment against Defendant Nationwide Capital Services, LLC and **ENTER DEFAULT JUDGMENT** against Nationwide under Rule 55(b), finding that:

(1) Plaintiff Dalton Carlstrom is entitled to an injunction pursuant to Texas Finance Code § 392.403(a)(1) preventing Defendant Nationwide Capital Services, LLC from calling, leaving voice messages, or otherwise communicating with Carlstrom to collect or attempt to collect the subject debts;

(2) Defendant Nationwide Capital Services, LLC is liable to Plaintiff Dalton Carlstrom for $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) Defendant Nationwide Capital Services, LLC is liable to Plaintiff Dalton Carlstrom for $6,842 in attorney's fees and costs; and

(4) Defendant Nationwide Capital Services, LLC is liable to Plaintiff Dalton Carlstrom for post-judgment interest accruing at the rate determined by 28 U.S.C. § 1961.

It is further **ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 18, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE